CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 01 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL CHARTIER, <br>     Petitioner, | Civil Action No. 7:05-cv-00427 |
| v. | MEMORANDUM OPINION |
| J. A. BLEDSOE, WARDEN, <br>     Respondent. | By: Hon. James C. Turk <br> Senior United States District Judge |

Petitioner Paul Chartier, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241. Chartier, who is currently incarcerated at the United States Penitentiary in Lee County, Virginia, challenges the validity of a detainer placed against him by the United States Parole Commission ("USPC").[1] The respondent has filed a motion to dismiss. The court notified petitioner of respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and warned petitioner that judgment might be granted for the respondent if he did not respond to the motion by filing affidavits or other documents contradicting the government's evidence or otherwise explaining his claims. Petitioner never responded. However, the time allotted for his response has expired, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted.

I.

The United States District Court for the District of Massachusetts sentenced Chartier on November 14, 1975, to a 14-year term of imprisonment for bank robbery. The USPC granted Chartier parole, effective May 14, 1984, with supervision to continue until November 13, 1989. On March 15, 1989, the USPC issued a warrant charging Chartier with violating the conditions of parole by committing armed bank robbery and criminal possession of a controlled substance. Because Chartier was in custody awaiting trial on the new federal charges, the United States Marshal

---

[1] This court has jurisdiction to address Chartier's § 2241 petition because he is currently confined within this district and is challenging the execution of his sentence rather than the validity of his convictions. See § 2241(a); In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

1

On March 15, 1989, the USPC issued a warrant charging Chartier with violating the conditions of parole by committing armed bank robbery and criminal possession of a controlled substance. Because Chartier was in custody awaiting trial on the new federal charges, the United States Marshal did not execute the warrant or place a detainer against him at that time. The United States District Court for the Eastern District of New York sentenced Chartier on April 6, 1990, to 262 months imprisonment for armed bank robbery (a sentence later modified to 236 months). In May 1990, the USPC supplemented its warrant with information of Chartier's new conviction and sentence and later placed the warrant as a detainer against him. Chartier is scheduled for release from his current sentence on or about December 28, 2006. At that time, the USPC will execute the pending detainer warrant and conduct parole revocation proceedings for Chartier.

Chartier alleges the following claims for relief:

1. The parole warrant detainer placed against him is illegal because the USPC failed to execute the warrant and conduct revocation proceedings before petitioner's original sentence expired in November 1989.

2. Petitioner was denied due process because the USPC failed to conduct a parole revocation hearing many years ago.

II.

Chartier's claims are without merit. The issuance of a USPC parole violation warrant bars expiration of the underlying criminal sentence and maintains the USPC's jurisdiction to retake the parolee either before or after the date on which the sentence would normally have expired. See 28 C.F.R. § 2.44(d); Anderson v. United States, 898 F.2d 751 (9th Cir. 1990) (issuance of parole violation warrant tolls running of sentence). It is undisputed that the USPC issued the parole revocation warrant against Chartier in March 1989, several months before his 14-year sentence was due to expire in November 1989. As the issuance of the warrant prevented the sentence from

2

expiring as scheduled, the USPC retains jurisdiction to maintain the detainer, execute the warrant upon Chartier's release from his current sentence, and conduct parole revocation proceedings at that time. Furthermore, because Chartier was incarcerated on his new criminal charges at the time the parole warrant issued, the issuance of the warrant did not deprive him of any constitutionally protected liberty interest, and the USPC therefore had no constitutional duty to conduct prompt parole revocation proceedings. Moody v. Daggett, 429 U.S. 78, 89 (1975).

III.

Finding no ground upon which Chartier is entitled to relief under § 2241, the court will grant the motion to dismiss. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 1st day of December, 2005.

Senior United States District Judge

3